IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOHNNY LANDRUM, #134 871          *

    Plaintiff,                              *

        v.                                          *        2:07-CV-495-WKW
                                                                          (WO)

DR. JOHN ALLEN JONES                *

    Defendant.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Johnny Landrum is a state inmate currently incarcerated at the Bibb County Correctional Institution. He brings the instant complaint under the provisions of 42 U.S.C. § 1983.[1] This action involves a dispute over medical care and treatment provided to Plaintiff in June of 2006. Specifically, Plaintiff asserts that Dr. John Jones, a private physician who performed surgery to treat his cataract, failed to provide proper treatment for this condition. Plaintiff brings this damages action against Dr. Jones for medical malpractice and also claims that Dr. Jones' conduct violated his Eighth Amendment rights.

Under th Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners

---

[1] The above-captioned action was filed in this court on June 5, 2007. Defendant removed the case from state court where Plaintiff commenced it originally on January 22, 2007. Defendant Jones was served with the summons and complaint filed in state court on May 7, 2007. (Doc. No. 1, Exh. B.)

against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismissed claims *sua sponte* if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process.[2] Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint for relief against Dr. Jones prior to service of process is appropriate.

## DISCUSSION

Prison medical personnel at the Bibb County Correctional Institution referred Plaintiff to a free-world physician for cataract surgery. Dr. John Jones, a private physician at the Baptist Medical Towers in Montgomery, Alabama, performed this surgery. Plaintiff asserts that Defendant Jones failed to provide him with appropriate and adequate treatment. Plaintiff is entitled to no relief from Dr. Jones in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American*

---

[2] The screening procedures which have been established for prisoner civil actions by § 1915A apply whether or not the entire filing fee is paid. *See Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998). In this case, Defendant paid the full civil filing fee of $350 when he removed the instant complaint to this court. Notwithstanding the full payment of the filing fee, however, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The medical treatment Plaintiff received from Dr. Jones was not provided by a person acting under color of state law nor one who in any way could be considered a state actor. Thus, Plaintiff's complaint against this defendant is frivolous and, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915A(b)(1).

Plaintiff also appears to seek to invoke the pendent jurisdiction of this court to consider his state tort claim for medical malpractice challenging the adequacy of the medical care provided by Defendant Jones. In the posture of this case, however, exercise of the court's supplemental jurisdiction would be inappropriate.

For a federal court to exercise pendent or supplemental jurisdiction over state law claims, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981), quoting *United Mine Workers v. Gibb*, 383 U.S. 715, 725 (1966)). The exercise of this jurisdiction is discretionary. *United Mine Workers* , 383 U.S.

at 726. "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of the court's resolution of the federal claim presented in the complaint, Plaintiff's pendent state law claim is due to be dismissed. *Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are dismissed prior to trial . . . the state claims should be dismissed as well."); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's federal claim(s) against Dr. Jones be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915A(b)(1); and

2. Plaintiff's pendent state law claim(s) be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 25, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of June, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE