In The District Court of The United States, for the Middle District of Alabama, Northern Division

Johnny Landrum #134871
v.
Dr. John Allen Jones

Case #: 2:07-CV-495-WKW

## Objection To Recommendation of Magistrate Judge

The Plaintiff strongly objects to Recommendations of Magistrate Judge, Susan Russ Walker. The Plaintiff (Johnny Landrum) did not recieve adequate medical treatment. The vision is worse than before surgery and pain that can only be described as "ongoing and severe".

The Defendant, Dr. John Allen Jones, is an Alabama Dept. of Corrections "approved" eye care physician. He is a "State Contractor of Medical Services", thus, must be considered, a "State Actor". He does not return the State's checks therefore, he consummates the title Medical Contractor of the State or State Actor, Doctor and or State paid, State approved care provider in the same capacity as P.H.S. (Prison Health Services). These facts should "fairly" describe Dr. Jones in the role of "State Actor", and should directly or specifically identify the findings of the Magistrate's Recommendation Plaintiff strengently objects to. Dr. John Allen Jones, is a State Contracted, state paid, D.O.C. used, eye care physician whom happens to be located in the free-world. Doctor Jones has treated Ala. D.O.C. inmates possibly for years and numbers in the hundreds. This is not a case of a frivolous nature, "actual injury" has occurred and the "pain and suffering" ongoing. For over a year now Plaintiff has lived with pain as a direct result of the surgery and loss of vision that is much greater than that of the cataract. Dr. Jones performed the surgery. Securing medication for pain has not been Dr. Jones concern, although it should be. He also, is not involved in securing corrective surgery and treatment to compensate for "his" negligence and malpractice.

-1-

## Statement of Facts reguarding the Case

Plaintiff suffered from a cataract which caused cloudy vision but no pain. In June 2006 Prison Health Services, Doctor James Whitley confirmed the existence of a cataract and the need for corrective surgery. Dr. Whitley is a D.O.C. healthcare contractor employee of Prison Health Services. Dr. James Whitley recommended Dr. Jones examine Plaintiff's eyes and to determine appropriate treatment, because Dr. Jones was listed as a D.O.C. provider and reputable "specialist" in eye surgery. Plaintiff had no reason to think of anything happening of a negative result, concerning treatment, nor the recommendation of Dr. James Whitley. (Plaintiff had no choice in treatment) In any event, Plaintiff, (Johnny Landrum) is the victim and not the beneficiary of better sight and the pain accumulated is directly attributited to implant of "Wrong" lens into Plaintiff's eye, which in his own words, was Dr. Jones statement at the time. To clarify the events and put them before this Court and its Honorable Judge, Plaintiff was not alone at the time of surgery or of the appointment. Another inmate was present and both had been identified by Dr. Jones and his staff at least three (3) separate times before the proceedure. However, the Plaintiff still wound up with another patient's intended lens (corrective implant) being implanted into his eye by carelessness and inadequate protection from harm by incompetent medical staff, acting in an unprofessional manner. Plaintiff was escorted to that appointment by D.O.C. Officer Co.I Sanders. Officer Sanders has full knowledge of the "mistake" made by Dr. Jones and has "Personal knowledge" of the affirmative facts reguarding his statement (Dr. Jones) admission of implanting the "wrong" lens. Co I Sanders upon our return to Bibb County (in open frustration) recited to Officer CoI Walker, word for word of the events and surgery. Officer Sanders stated, he would gladly give an affidavit or testify at trial. He openly admitted how scary it was to be an inmate and depend on someone else to make decisions reguarding medical care.

Statement of Facts and Circumstances — Continued

The Plaintiff has used all administrative remedies available including, filing the prerequisite complaint forms with Prison Health Services. The result of which has been, to be seen at the Birmingham Eye Institute. Having been evaluated by another eye specialist, the doctor confirms that a "second eye surgery" must be undergone to remove the lens implanted by "Dr. Jones" and to re-implant the correct lens with follow-up treatment to determine the amount of restored sight. The outcome of which remains to be seen as the "true circumstances" reveal neglect to be very common in inmate health problems manufactured by the Alabama State Contractors.

There is no doubt Dr. Jones performed the surgery and committed gross errors. There is no doubt Dr. Jones conducts business in the state of Alabama and seeing Alabama Dept. of Corrections inmates would also be considered an Actor of the States, giving medical services and surgery of the eyes. To say this case is not within Jurisdiction of this Court is a "severe blow" comming from the "only" agency in Alabama for an inmate to Redress any Grievance being inflicted while in prison. The Plaintiff knew better than to file in state Court the Prejudice exibited against inmates is overwhelming and obvious (even to a laymen). However, this Honorable Court does have Jurisdiction of "subject matter" and both Plaintiff and Defendant reside within Jurisdiction of this Court, (Montgomery). Also, the surgery and injury from surgery took place within this district or Jurisdiction, (Baptist Medical Towers, Montgomery). Therefore, Plaintiff states Dr. John Jones, acting as an agent of the State and medical contractor of said Ala. Dept. of Corrections (a State agency) operating and conducting medical business "under color of state law", did knowingly and intentionally, implant the wrong corrective lens into the eye of Plaintiff, with deliberate and negligent disreguard to the health and wellbeing of (Johnny Landrum) Plaintiff. Furthermore, to leave lens implanted under pain of severe magnitude is infact Cruel and Unusual Punishment in violation of

Argument In Support of Constitutional Violations - Continued

Plaintiff's 8th Amendment Constitutional Rights. This Court can adjudicate a valid claim of injury and Plaintiff has no other reason to be here other than justice.

Your Honor, under the Alabama Constitution of 1901, the State or D.O.C. is responsible to an inmate for, food, housing, medical care, and day to day needs. The Plaintiff has "NO" choice in the selection of eye doctors for the D.O.C.. However, Plaintiff has rights intact, these rights being "federally given" and "federally protected" he relinquishes none. A Jury should be the "finders of fact" and render the verdict concerning a serious injury and "Malpractice" of a classic case. Plaintiff has confidence that 12 jurors will be easier convinced given testimony and facts concerning the current diagnosis and 'cause' of injury. Plaintiff, ask this court, if Dr. Jones implanted the wrong lens, then neglected to take responsibility and correct the mistake, for over a year knowing Plaintiff suffered undue loss of vision and daily headaches accompanined by severe eye pain, would this constitute Cruel and Unusual Punishment in this Court's opion? Plaintiff knows the answer and so does this Honorable Court. Just having to repeat the eye surgery to correct Dr. Jones' negligence is painful and unnecessary and would provoke a lawsuit from the average U.S. citizen. Also, to suffer daily severe pain and loss of vision as a direct result of "Corrective Surgery" would outrage most attorneys. Therefore, to be subjected to both categories should be of interest to this Court and knowing Dr. Jones can not dispute these facts or rebut the testimony of intended witnesses this Court should Grant an "Evidentiary Hearing" in the interest of justice.

Your Honor, Doctor John Allen Jones has not disputed these facts nor that he performed the surgery in question. Plaintiff knows the truth and so does the Defendant. A fitting venue would be this Honorable Court, so the Plaintiff may face the guilty party and this Court can uphold a citizen's rights.

<u>Closing Argument In Objection To Magistrate's Recommendation</u>

Your Honor, under <u>PLR Act of 1996</u> and <u>28 U.S.C. §1915A</u>, the screening process required of this court, this Court will have to identify Dr. Jones as a "governmental entity" or "officers" or "employees" of governmental entities "for the purpose of making and ruling on its own motion to dismiss the complaint prior to service." This in itself would constitute admission that Dr. Jones was legally responsible. Plaintiff asserts, this would be inappropriate and obstruct justice as the facts entered are "true and correct" with the actual injury ongoing due to negligence. The circumstances would not be the same were the Plaintiff not incarcerated. The threat of legal action coupled with bad publicity would quickly settle the case. Plaintiff is at a serious disadvantage and this Court can understand and also remedy the sought after relief. Dr. Jones status does not constitute immunity.

(A) Your Honor, the Plaintiff has established an <u>8th Amendment U.S.C.</u> violation in the nature of a "botched" surgery and that the Doctor, Dr. John Jones, is in fact a "State Actor".

(B) Whom, being licensed to practice medicine in Alabama, also acts under color of state laws both in licensing and as an approved state of Ala. D.O.C. medical care provider (contractor). "Doctor Jones acts under color of state law on a daily basis."

(C) Dr. John Allen Jones performed the eye surgery and by implanting the prescriptioned lens intended for another patient, caused injury and pain to the eye and eyesight causing greater vision loss of the Plaintiff (Johnny Landrum).

(D) The ongoing daily pain being severe and the loss of vision permanent, the actual injury and failure to correct the malpractice, should taken together be considered a constitutional deprivation, in that Dr. Jones failed to administer adequate and appropriate medical treatment that could be expected from a licensed professional acting as a medical doctor contracted by a state entity (D.O.C.) and this should satisfy requirements of "<u>American Manufacturers Mutual Ins. Co. V. Sullivan, 526 U.S. 40 (1999)</u>" and "<u>Lugar V. Edmondson Oil Co, 457 U.S. (1982)</u>".

-5-

### Relief Sought From The Honorable U.S. District Court

Plaintiff Prays to invoke Jurisdiction of this Court. Knowing full well that this Court is the True "Venue" and Pendent Jurisdiction to consider his claims for Medical Malpractice through inadequate medical care and incompetent professional actions of a licensed medical doctor practicing in the state of Alabama should be within the Descretion of This Court. To turn a seriously disadvantaged citizen away whom has shown responsible actions and refrain would be a travesty. The Plaintiff adamantly asserts the primary reason for this suit is genuine and the "Common Nucleus of Operative fact" to be, "open, flagrant Prejudice in the Circuit Courts against inmates in a case of this nature. (injury) No one in State Court would consider a reputable Doctor in good standing to be capable of such an act and State Judges lack the respect and support of the public to make adversarial decisions in favor of a "Lowly Convict". On the other hand, this Honorable Court drawing its strength from the U.S. Constitution casts a bright light on our justice system and prosecutes, Govenors, Millionares, politicians and even law enforcement. For these reasons and the fact that the Truth should be upheld, this Court should hear the Plaintiffs case. Given his day in Court the Plaintiff will prove his case to a Rational Trier of fact, beyond a reasonable doubt that, only Dr. Jones performed a "botched surgery", Plaintiff suffers daily and the system as a whole seeks to cover up the facts.

### Prayer

Plaintiff prays this Court to invoke Jurisdiction and with authority to set a date for an Evidentiary Hearing, Whereby Plaintiff with legal adviser and witnesses may come forward and be heard. For this Court to Grant Relief in all manners that Plaintiff may be entitled, punitive, pain and suffering, mental anguish ect. Monetary damages to be considered and allowed to the Sum determined by standards and requested by Plaintiff.

-6-

## Certificate of Service

I certify that I have on this date served a True and Same Copy of the foregoing "Objection To Magistrate's Recommendation" upon the Office of The Clerk of The United States District Court P.O. Box 711 Montgomery, Alabama 36101-0711, by U.S. Mail postage paid.

address as followed
Clerk, U.S. District Court
P.O. Box 711
Montgomery, Ala. 36101-0711.

Done on This date: June 24th 2007

x Johnny Landrum
Johnny Landrum #134871
P.O. Box 150 - Dorm H
Mt. Meigs, Ala. 36057

Pursuant 28 USC, and Penalty of Perjury the preceeding is True and correct to best of my knowledge. (Notary not available.)

Johnny Landrum
164971 #-55 A
P.O. Box 150
Mt. Meigs Al, 36057

**LEGAL MAIL**
"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

CA.# 2:07-CV-495-WKW

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery Ala, 36101-0711



*Kilby - 6-11-07*

**PRISON HEALTH SERVICES, INC.**
**SICK CALL REQUEST**

Print Name: Johnny Landrum   Date of Request: 6-10-07
ID # 134871   Date of Birth: 3-3-56   Location: G-40-A
Nature of problem or request: I'm Choric Care - And I need to see the Doctor about my Blood Pressure Pill, Profile Changed, I also need A Key Lock, and I need to see the eye Doctor.

Signature: Johnny Landrum

**DO NOT WRITE BELOW THIS LINE**

Date: ___/___/___
Time: _____ AM PM
Allergies: _____

RECEIVED
Date:
Time:
Receiving Nurse Intials ____

(S)ubjective:

(O)bjective (V/S): T: 98.6   P: 90   R: 18   BP: 190/80   WT: 170

(A)ssessment:

(P)lan:

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment   Return to Clinic PRN
CIRCLE ONE
Check One:   ROUTINE ( )   EMERGENCY ( )
If Emergency was PHS supervisor notified:   Yes ( )   No ( )
Was MD/PA on call notified:   Yes ( )   No ( )

SIGNATURE AND TITLE

WHITE:   INMATES MEDICAL FILE
YELLOW:   INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

## PRISON HEALTH SERVICES
## MEDICAL COMPLAINT FORM

**NAME:** Johnny Landrum   **AIS #:** 134871   **UNIT:** E-3-30-B   **DATE:** 01/18/07

This complaint is to be completed with as few words as possible to identify the problem. Additional pages attached to this form will not be accepted.

**PART A—INMATE REQUEST**

I have had surgery on the 6-7-06 and I have been getting drop for my eye the drop is not doin no good My eye is still in pain, running water, burning, I need to see a Doctor for my eye and not Dr. Jones Can and will you help me. My eye is worst now then before.

THANK YOU

*(signed)* John Landrum
**INMATE SIGNATURE**

**PART B —RESPONSE**   **DATE RECEIVED** JAN 22 2007

CCC made pt an app i mo.

**MEDICAL STAFF SIGNATURE**

**DATE**

IF YOU ARE UNSATISFIED WITH THE RESPONSE, YOU MAY FILE A MEDICAL GRIEVANCE USING THE PRISON HEATLH SERVICES GRIEVANCE FORM

|  | Y | N |  | Y | N |
|---|---|---|---|---|---|
| I Dissatisfied with Quality of Medical Care | ✓ | ☐ | VI Delay in Health Care Provided | ☐ | ☐ |
| II Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ✓ | ☐ | VIII Request to be seen | ☐ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX Request for Off-site Specialty Care | ☐ | ☐ |
| V Conduct of Healthcare Staff | ☐ | ☐ | X Other | ☐ | ☐ |

11/03 - Alabama

**Informal → Grievance Form**

On the date of June 7th (06) had surgery at Baptist Medical Center on left eye. Dr. put in wrong lens. My eye has been throbbing + draining! I haven't been able to touch my eye since! I have contacted Warden Price about this issue, with no response! I've even wrote Medical Complaint Forms with no response! I need to see an eye specialist as soon as possible! Constantly putting drops in eye everyday.

Date Filed: 5/10/07

Sent that to Health Care did not get a copy back but it was notary on June 7th 06.

*Johnny Sandrum*