IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY LANDRUM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:07-cv-495-WKW |
| DR. JOHN ALLEN JONES, et al., | § § § | |
| Defendants. | § | |

### RESPONSE TO COURT ORDER DATED SEPTEMBER 11, 2007

COMES NOW Defendant, John Allen Jones, III, M.D. in response to this Honorable Court's Order of September 11, 2007, and submits the following pursuant to said Order:

1. A redacted copy of the "Specialist Physicians Agreement" between Prison Health Services, Inc. ("PHS") and John Allen Jones, III, M.D. attached hereto as Ex. "A."

Respectfully submitted this the 26th day of September, 2007.

        *s/ R. Brett Garrett*
        R. BRETT GARRETT (GAR085)
        Attorney for Defendant, John
        Allen Jones, III, M.D.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (facsimile)
bg@rsjg.com  (email)

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed, on this the 26th day of September, 2007:

Johnny Landrum (AIS # 134871)
BIBB CORRECTIONAL FACILITY
565 Bibb Lane
Brent, AL 35034

                                              *s/ R. Brett Garrett*
                                              OF COUNSEL

SPECIALIST PHYSICIANS AGREEMENT

between

PRISON HEALTH SERVICES, INC.

and

JOHN ALLEN JONES III, M.D.

THIS AGREEMENT IS MADE AND ENTERED INTO this 16th day of December, 2003 between **PRISON HEALTH SERVICES, INC.**, a Delaware corporation (hereinafter referred to as "**PHS**") and **JOHN ALLEN JONES III, M.D.**, a specialist duly licensed to practice medicine under the laws of the State of Alabama (hereinafter referred to as "**Specialist**"). (As used in this Agreement, the term of **Specialist** shall refer to the corporate entity and each individual physician within the corporate entity, unless the contract clearly requires otherwise.)

I

A.  **PHS** is contracted to provide health care services to jail and/or prison inmates under the control of the Kilby Correctional Facility (hereinafter referred to as "**Facility**") in the State of Alabama. As part of its responsibilities, **PHS** is responsible for providing physician medical services.

B.  **Specialist** is Board certified or Board eligible to provide medical ophthalmology services.

C.  **PHS** wishes to utilize the medical ophthalmology services of the **Specialist** and, correspondingly, the **Specialist** wishes to provide medical ophthalmology services for **PHS**.

II

NOW, THEREFORE, **PHS** AND **Specialist** DO HEREBY AGREE AS FOLLOWS:

1.  **PRINCIPAL TERMS**: **PHS** hereby engages the **Specialist** and the **Specialist** hereby accepts engagement by **PHS** to provide professional medical services, on a non-exclusive basis, for the inmates located in **Facility** under the terms and conditions hereinafter set forth:



1.2 Fees for the **Specialist** Services: **PHS** agrees to reimburse at one hundred percent (100%) of the Alabama Medicare fee schedule for covered authorized services.

1.3 (a) General and Professional Liability Insurance: The **Specialist** shall be insured under a general and professional liability insurance policy covering services to be performed under this Agreement which provides a minimum coverage of ▓▓▓▓ per occurrence and ▓▓▓▓ in the annual aggregate, or a higher amount if such is required by State or local law, regulation or medical society practice.

**Specialist** shall make suitable and reasonable provision for financial coverage of **PHS** and **Facility** (and any party or parties, corporation, partnership, group or association acting, or failing to act on **Specialist's** behalf) consistent with this Agreement, for a period equal to the statute of limitations, for any actions brought or claims which may be made arising out of any of the services actually rendered, or which were failed to be rendered, under this Agreement following the termination of this independent contractor relationship for whatever reason.

(b) Workers' Compensation: **PHS** shall not be responsible for providing worker's compensation coverage to **Specialist** or **Specialist's** employees if any since **Specialist** is an independent contractor. If such coverage is required by law **Specialist** shall be responsible for acquiring it.

(c) Tax Liability: **Specialist** is solely responsible for any tax federal, state or local authorities as a result of this Agreement. **PHS** shall not withhold any taxes from payments made to **Specialist** under this Agreement, nor shall **PHS** be responsible for providing unemployment insurance coverage for **Specialist**.

5. **STATUS:** In performing services under this Agreement, **Specialist** shall be acting as an independent contractor. Under no circumstances, shall **Specialist** or any other person employed by or associated with the **Specialist** be treated as or hold themselves out to be as an employee of **PHS**. **PHS** shall exercise no control over the professional practice of medicine by **Specialist** in providing services under this Agreement and **PHS** shall have no retained right of control, express or implied, over the manner in which **Specialist** performs any services which in any way involve the practice of medicine under this Agreement. **Specialist** is not

        eligible for and may not participate in any pension, health or other fringe benefit plan offered by **PHS** to its employees.

6.    **<u>HOLD HARMLESS AND INDEMNIFICATION</u>: PHS** agrees to indemnify and hold harmless **Specialist** and its agents and employees form any and all claims, damages and lawsuits of any kind whatsoever based upon the health care provided by **PHS** and any of its staff members.

        **Specialist** agrees to indemnify and hold harmless **PHS** and its agents and employees from any and all claims, damages and lawsuits of any kind whatsoever based upon the acts or omissions of **Specialist** or any of its staff members, employees or agents.

        **Remainder of page intentionally left blank.**

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of that Commencement Date first above written.

**PRISON HEALTH SERVICES, INC.**          **JOHN ALLEN JONES III, M.D.**

By: Laura Ferrell                          By:

_____                  _____
Regional Vice President                    Signature

Print Name: _Laura Ferrell_                _Physician_____
                                           Title
Date: _12/29/03_
                                           Print Name: _Dr John Allen Jones III_

By: Joanna B. García                       Date: _12/19/03_

_____                  SSN or TIN: _____
Vice President, Network Development

Print Name: _Joanna B Garcia_

Date: _1-14-04_



**CONTRACT NOT VALID WITHOUT CORPORATE AND REGIONAL SIGNATURES**

Specialist Physician Contract
Revised 7/03